IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL S.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-197**    (Fam. Ct. Raleigh Cnty. Case No. FC-41-2016-D-144)

**SAVANNAH S.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael S. ("Father")[1] appeals the Family Court of Raleigh County's April 25, 2025, final order, which attributed income to him for child support calculation purposes. Respondent Savannah S. ("Mother") responded in support of the family court's decision.[2] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's order and remanding the matter for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were previously married and share three children, born in 2009, 2011, and 2013. Events leading to this appeal began when Mother filed petitions for contempt and modification.[3] Hearings were held on her petitions in October 2022, January 2023, and March 2023. During those hearings, Father testified that he quit his job as a surface coal miner to have more time with the children. After that, he obtained a job where he earned $10.60 per hour. He later obtained a job earning $22.00 per hour but was laid off within six to eight months. When the court inquired about the timing of his employment transitions,

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Lindsey C. Thompson, Esq. Mother is represented by Brandon L. Gray, Esq.

[3] The petitions were not included in the record; therefore, it is unclear what type of parenting arrangement the parties shared prior to 2022.

he responded that he did not know if it was a coincidence that his work hours became more child friendly when court was pending and stated that he thought the proceedings were about the children, not money. Mother testified that Father informed her that he earned $47.00 per hour. The final order was entered on April 24, 2023. Father was ordered to pay Mother $621.75 per month in child support effective May 1, 2023.

On October 11, 2023, Father filed a petition to decrease his child support obligation, wherein he argued that he previously worked fifty hours per week, but his time had been reduced to forty hours or less. The parties appeared for a hearing on Father's petition on January 8, 2024. By order entered January 23, 2024, the family court denied Father's petition because the decrease in his salary did not amount to more than a fifteen percent reduction under the child support formula.

On January 2, 2024, Father filed a petition for modification of custody. As grounds for his petition, he alleged the following: that the maternal grandfather had filed a petition for guardianship of the children; the oldest child wished to live with Father; the children ran away from home; the oldest child drank alcohol at fourteen years old; Mother had insufficient food for the children; Mother flipped over the oldest child's bedroom furniture and hit him in the mouth; the middle child vomited because he was nervous about returning to Mother's home; the middle child texted Father about being depressed; and the two older children had failing grades under Mother's care. Father also filed a proposed parenting plan requesting that Mother receive parenting time every other weekend.

On June 5, 2024, a hearing was held on Father's petition. The parties reached a temporary agreement that Father's child support obligation would be reduced to $400 per month. The final hearing on Father's petition was held on October 1, 2024, during which the parties reached a further agreement that Father would be the designated primary parent of the oldest child and Mother would be the designated parent of the two younger children. The parties also agreed that Father would continue paying $400 per month in child support. The modification order was entered on October 15, 2024.

Another hearing was held on April 15, 2025.[4] The final order was entered on April 25, 2025, and stated that the parties reached a custody agreement, but that child support would need to be recalculated. Regarding child support, Wife requested that Father be attributed a coal miner's wages and that child support be calculated using the formula for extended shared parenting. Father objected and argued that he took a different job to be home with the children. He testified that his highest grossing job was when he worked as a strip coal miner and earned under $80,000 per year. However, at the time of the hearing, Father also submitted a "new employee information sheet" establishing that he presently earned $29,740 annually as a bus driver. Despite Father's proof of current income, the

---

[4] It is unclear from the record what type of petition was filed or who filed it.

2

family court attributed an $80,000 yearly income and found that he purposely left his higher paying job as a coal miner to presumably secure a lower child support obligation.

Regarding the child support calculation, the final order stated that the extended shared parenting formula (Worksheet B) should be used and that Mother's child support obligation would be $250 per month effective May 1, 2025.[5] The family court's order did not provide any specific findings regarding the $250 amount, which was lower than the amount calculated using the basic shared calculation.[6] The final order was entered on April 25, 2025. It is from that order that Father now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father argues that the family court failed to consider applicable law or properly apply West Virginia Code § 48-1-205 (2023) when it attributed him additional

---

[5] It is unclear how or why the family court set Mother's child support obligation at $250 per month. The court made no findings as to Mother's income or any credits Mother and Father were to receive in the child support formula. Pursuant to the record, the family court's child support calculation for the two older children had Mother paying Father $519.33 in monthly support. The family court's calculation for the youngest child had Father paying $815.37 to Mother. Taking the difference between the two, Father would owe Mother $296.04 in child support. The order indicates that the family court used the basic shared calculation (Worksheet A) instead of the extended shared parenting formula (Worksheet B), which was contrary to what is stated in the order and what was decided at the hearing. The difference in formulas may be the basis for the discrepancy, but it is not addressed in the order. However, neither party raised this issue on appeal. Accordingly, we deem it waived for the purposes of this decision. *See Grimes v. Plumley*, No. 12-1425, 2013 WL 5967042 (W. Va. Nov. 8, 2013) (memorandum decision) (holding that issues that could have been raised on appeal but were not are waived).

[6] Even if this Court assumes that Mother should be the parent to pay child support, the family court provided no analysis on why it chose to deviate from the child support formula, which would have set the obligation at $296.04.

3

income without making any findings or allowing an evidentiary hearing on the issue of child support. We agree. West Virginia Code § 48-1-205 defines attributed income as "income not actually earned by a parent, but which may be attributed to the parent because he or she is unemployed, not working full time, or is working below full earning capacity [. . .]." This Code section further states that:

> Income may be attributed to a parent if the court evaluates the specific circumstances of the parent to the extent known, including such factors as the parent's assets, residence, employment and earnings history, job skills, educational attainment, literacy, age, physical and mental health, criminal record, and other employment barriers, and record of seeking work, as well as the local job market, the availability of employers willing to hire the parent, prevailing earnings level in the local community, and other relevant background factors in the case.

*Id*. Additionally, pursuant to West Virginia Code § 48-1-205(b), an obligor's income may be attributed based on his previous income when the obligor:

> (1) voluntarily leaves employment or voluntarily alters his . . . pattern of employment . . . (2) is able to work and is available for full-time work . . . and (3) is not seeking employment in the manner that a reasonably prudent person . . . would do.[7]

Further, West Virginia Code § 48-1-205(c)(1) states that income shall not be attributed to an obligor who is providing care to children who are in a "situation requiring particular care by the parent."

In addition to the above-cited sections, West Virginia Code § 48-13-702(a) (2001) provides guidance regarding situations where deviation from the child support formula result may be necessary. It states as follows:

> If the court finds that the guidelines are inappropriate in a specific case, the court may either disregard the guidelines or adjust the guidelines-based award to accommodate the needs of the child or children or the circumstances of the parent or parents. In either case, the reason for the deviation and the amount of the calculated guidelines award must be stated on the record (preferably in writing on the worksheet or in the order). Such findings clarify the basis of the order if appealed or modified in the future.

---

[7] A family court *must* consider the three-part test in deciding whether to attribute income. *See Melinda H. v. William R.*, 230 W. Va. 731, 734-35, 742 S.E.2d 419, 422-23 (2013) (citing *Porter v. Bego*, 200 W. Va. 168, 176, 488 S.E.2d 443, 451 (1997)) (emphasis added).

Here, the family court failed to include sufficient findings of fact in its final order to support its decision to attribute income to Father despite Father's assertion that he took the job as a bus driver to have more time with his children. Additionally, the family court failed to explain its reasoning for deviating from the child support formula calculation, as required by West Virginia Code § 48-13-702(a). *See generally Dusti A. v. Jonathan A.*, No. 23-ICA-125, 2024 WL 794624 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision).

The Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *See Province v. Province,* 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). Therefore, we must remand this case to the family court for entry of a new order containing additional findings of fact.

The family court certainly has the authority to make credibility determinations if it finds either party's representations to be not credible, but it must include its reasoning for such a determination in its analysis. *See State v. Guthrie*, 194 W. Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n.9 (1995) (holding that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

Accordingly, we vacate the family court's April 25, 2025, order and remand the matter to the family court with directions to enter a new order with sufficient findings and analysis on the issues of attribution of income, deviation from the child support formula, and credibility, which would facilitate a meaningful appellate review should either party elect to file a new appeal.

Vacated and Remanded, with Directions.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White